UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HERB REED ENTERPRISES, LLC <br><br> Plaintiff <br><br> v. <br><br> CAPE ENTERTAINMENT, INC AND GARY CAPE <br><br> Defendants | Civil Action No. 12-CV-11004 |

## VERIFIED COMPLAINT

This is an action for trademark infringement, false advertising in violation of the Lanham Act, violation of the Massachusetts Unfair Business Practices Act, Mass. Gen. Laws ch. 93A, and rights of publicity under Florida Statutes §540.08. Herbert Reed founded and named the vocal group "The Platters." His company, Herb Reed Enterprises, LLC, seeks preliminary and permanent injunctive relief to prevent Defendants Cape Entertainment, Inc. and Gary Cape ("collectively "Cape"), or anyone or entity they manage or control and their successors or assigns, from further unauthorized use of the mark HERB REED AND THE PLATTERS and Herb Reed's name, image and likeness to promote and the services associated with other groups other than the Plaintiff's calling themselves "The Platters."

### PARTIES

1. Herb Reed Enterprises, LLC ("HRE") is a Massachusetts Limited Liability Company with a principal place of business in Arlington, Massachusetts.

2. Cape Entertainment, Inc. is, on information and belief, a Florida Corporation with a principal place of business in Coconut Creek, Florida.

3. Gary Cape is, on information and belief, the president and an owner of Cape Entertainment, Inc., and a resident of Florida.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the remaining claims because this action arises under the trademark laws of the United States, Title 15, United States Code, and because the state and common law claims form part of the same case or controversy and derive from a common nucleus of operative fact.

5. The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and is between citizens of different states.

6. The Court has personal jurisdiction over Defendants pursuant to M.G.L. Ch. 223A, §3 and M.G.L. Ch. 93A, § 11 as Defendants conduct and/or solicit business throughout the United States, including Massachusetts.

7. Venue is proper in this District under 28 U.S.C § 1391 and 28 U.S.C. § 1400(a) because: (a) a substantial part of the events or omissions giving rise to the claims occurred in this District; (b) a substantial part of the property that is the subject of this action is situated in this District; or (c) the Defendants are subject to personal jurisdiction in this District.

## ALLEGATIONS COMMON TO ALL COUNTS

8. Herbert Reed founded and named the vocal group called "The Platters." The group was originally composed of Reed, Joe Jefferson, Alex Hodge and Cornell Gunther. In 1954, Jefferson and Gunther ceased performing with Reed, and were replaced by David Lynch and Tony Williams.

9. In or around 1954, Zola Taylor joined the group and Paul Robi replaced Hodge. Those five singers—Reed, Robi, Lynch, Williams and Taylor are sometimes referred to as the "original" Platters.

10. The Platters enjoyed great success, charting several number one hits during the 1950's and 1960's. Through their recordings and original performances, Reed and the other original members made "The Platters" famous and a group of major importance to the music industry. They were inducted into the Rock & Roll Hall of Fame in 1990, the Vocal Group Hall of Fame in 1998, and the Grammy Hall of Fame in 1999 and 2002.

11. In 1954, an individual named Buck Ram took on a management role with The Platters. In 1956, Ram purported to form a company called Five Platters, Inc. ("FPI") through which The Platters operated their business.

12. Throughout the 1950's and 1960's, The Platters continued to perform and record music. During that time, although some of the original members left, Reed continued using the mark THE PLATTERS and by 1967 was the sole remaining original member of the group.

13. In 1969, Reed discontinued his relationship with Ram. He continued performing under THE PLATTERS mark separately from Ram, FPI and "groups" managed by Ram.

14. Over the years, FPI, Ram and others claiming ownership in FPI were involved in legal action over rights to use the mark THE PLATTERS in connection with live musical performances.

15. However, it is undisputed that Reed and his assigns own the rights to the mark HERB REED AND THE PLATTERS.

16. Since at least 1953, Reed has continuously used THE PLATTERS mark in commerce either by itself or in connection with his name as HERB REED AND THE PLATTERS or an approximate variation thereof, in conformance with various agreements and/or court orders.

17. On December 23, 2003, Reed registered the mark HERB REED AND THE PLATTERS on the principal register with the United States Patent and Trademark Office, Registration Number 2,796,412. A true copy of the Registration Certificate is attached as Exhibit A.

18. Reed transferred his rights in the mark HERB REED AND THE PLATTERS to his company, Herb Reed Enterprises, Inc., who thereafter transferred rights to HRE. A true copy of the assignment is attached as Exhibit B.

19. On June 24, 2010, the Patent and Trademark Office provided Notice Of Acknowledgement of incontestability of the mark HERB REED AND THE PLATTER pursuant to §15 of the Trademark Act, 15 U.S.C. §1065. A true copy of that Notice is attached Exhibit C.

20. On information and belief, Gary Cape is president of Cape Entertainment, controls the company, and is the person responsible for its operation.

21. Defendants promote their services through, among other things, a web site, and solicit business in Massachusetts, the United States, and around the world. Attached as Exhibit D is a true copy of excerpts from Cape Entertainment's web site.

22. Cape Entertainment claims to be the "[e]xclusive music booking agents for top celebrity artists from Doo Wop, the fifties, sixties and seventies" and "representing the original recording artists from the 50s, 60s, 70s & 80s." *See* Exhibit D. p.3.

23. Cape Entertainment claims it "ha[s] booked Celebrity Artists from coast to coast in the United States as well as England, France, Belgium, Netherlands, Brazil, Germany, Canada, Australia, Japan and almost everywhere else." *Id*. p.1

24. Plaintiff uses booking agents to book shows and promote its business. It does not, however, have an exclusive agent but instead uses multiple agents.

25. Defendants have in the past contacted Plaintiff about the possibility of booking performances, including securing information about pricing for the group Herb Reed and The Platters.

26. On their web site, Defendants use, or have used, the Plaintiff's registered mark HERB REED AND THE PLATTERS and photographs of Herb Reed and his group to solicit business for groups they call "The Platters." *Id*.

27. Defendants do not disclose on their site that the groups they promote using Herb Reed's image and likeness and the mark HERB REED AND THE PLATTERS is not Plaintiff's group, but is instead an unrelated group that has no connection to the original Platters founded and named by Herbert Reed.

28. Frederick J. Balboni, Jr. is the manager of Herbert Reed and Herb Reed Enterprises, LLC.

29. On the afternoon of May 31, 2012, Mr. Balboni received a telephone call from an individual who identified himself as Jay Della Valle.

30. Mr. Della Valle told Mr. Balboni that he had been seeking to arrange a live musical performance for "The Platters."

31. Mr. Della Valle told Mr. Balboni that in searching for a booking agent for "The Platters," he found Defendants' web site. Based on the representations contained therein, he

sought to book the group through Defendants believing it was that of original Platter Herbert Reed.

32. Mr. Della Vella and Cape Entertainment exchanged emails regarding the booking. Attached as Exhibit E is a true and accurate copy of the email exchange between Mr. Della Valle and Cape, which Mr. Della Valle sent to Mr. Balboni.

33. It was only after Mr. Della Valle asked for confirmation that Herb Reed would be performing that Cape disclosed that its "Platters" group was a different group, stating:

> NO, Herb Reed is not there! These are The Platters that work all over the World, Including Vegas, and own the trademark, Herb Reed is not in The Platters.

Exhibit E at p.3.

34. Mr. Della Valle informed Mr. Balboni that he thereafter searched for Herb Reed's name and after finding the web site for Herb Reed and The Platters, contacted Mr. Balboni to report Cape's actions.

35. A little more than a year ago, Mr. Cape contacted Mr. Balboni to ask him about pricing for a single appearance of Herb Reed and The Platters, but no booking was made.

36. Plaintiff has not booked a show through Cape Entertainment, Inc. or Gary Cape in at least the past year, and in any event has not given Defendants permission to use Reed's image and likeness, or the mark HERB REED AND THE PLATTERS, to promote a different group.

## COUNT I
### (Federal and Common Law Trademark Infringement)

37. Plaintiff repeats and realleges the allegations of Paragraphs 1-36 as though fully set forth herein.

38. Plaintiff owns and enjoys common law rights throughout the United States in and to the HERB REED AND THE PLATTERS mark in connection with vocal and musical performances.

39. Plaintiff owns rights in the federally registered mark HERB REED AND THE PLATTERS.

40. Defendants' unauthorized use of HERB REED AND THE PLATTERS mark to promote a vocal group with no connection to Plaintiff or Herb Reed is likely to cause confusion, mistake or deception among consumers and constitutes trademark infringement in violation of Plaintiff's rights at common law and in violation of 15 U.S.C. § 1125(a).

41. These wrongful acts have caused, and will continue to cause, irreparable injury, including dilution of goodwill, confusion to the public, injury to Plaintiff's reputation, and diminution in the value of the mark HERB REED AND THE PLATTERS. These actions have caused and will continue to cause imminent irreparable harm and injury to Plaintiff for which there is no adequate remedy at law.

42. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 restraining Defendants, and all persons or entities acting with or through them from engaging in further unlawful conduct pursuant to 15 U.S.C. § 1125.

## COUNT II
### (Unfair Competition in Violation of 15 U.S.C. § 1125)

43. Plaintiff repeats and realleges the allegations of Paragraphs 1-36 as though fully set forth herein.

44. By committing the acts herein alleged, including Defendants' wrongful use of the mark HERB REED AND THE PLATTERS, Defendants are guilty of unfair competition, deceptive advertising and unfair trade practices, in violation of 15 U.S.C. § 1125(a), causing

Plaintiff damages and loss of profits. Plaintiff is entitled to damages, including multiple damages and costs, for those wrongful and intentional acts.

## COUNT III
### (False Designations of Origin and False Or Misleading Description Or Representation Of Fact)

45. Plaintiff repeats and realleges the allegations of Paragraphs 1-36 as though fully set forth herein.

46. Defendants' unauthorized use of name and/or photographs of Herb Reed constitute a false and misleading representation which is likely to cause confusion as to the affiliation, connection, or association of Herb Reed with other "Platters" groups promoted by Defendants, or as to the sponsorship or approval of the other "Platters" groups promoted by Defendants. This conduct is actionable under 15 U.S.C. § 1125(a).

47. Plaintiff has not consented to Defendants' actions as alleged herein.

48. As a direct and proximate result of this false designation of origin by Defendants, Plaintiff has been damaged.

49. Plaintiff is entitled to injunctive relief to enjoin Defendants and their officers, directors, shareholders, agents, representatives, and employees, and all persons in active concert or participation with them, from making any further use of photographs, name or likeness of Reed in connection with the services of others.

50. Plaintiff is also entitled to a judgment against Defendants awarding compensatory damages, consequential damages, punitive damages, reasonable royalties, costs, attorney fees, and such further relief as this Court deems appropriate.

## COUNT IV
### (Violation Of Florida Statutes §540.08-Right To Publicity)

51. Plaintiff repeats and realleges the allegations of Paragraphs 1-36 as though fully set forth herein.

52. Plaintiff possesses rights of publicity and sponsorship in Herbert Reed's name, likeness and image.

53. Defendants have engaged in the unauthorized publication, printing, displaying and other public use, for the purposes of trade or for commercial or advertising purpose, of the name, likeness and image of Herbert Reed. Such unauthorized use by Defendants constitutes an invasion of Plaintiff's right to publicity in Herbert Reed, actionable under Florida Statutes §540.08.

54. As a direct and proximate result of Defendant's invasion of Reed's right of publicity, Plaintiff has been damaged.

55. Plaintiff is entitled to injunctive relief to enjoin Defendants and their officers, directors, shareholders, agents, representatives, and employees, and all persons in active concert or participation with them, from making any further use of the name, likeness and image of Reed without permission.

56. Plaintiff is also entitled to a judgment against Defendants awarding compensatory damages, consequential damages, punitive damages, reasonable royalties, costs, attorney fees, and such further relief as this Court deems appropriate.

## COUNT V
### (Unfair and Deceptive Business Practices-M.G.L. ch. 93A)

57. Plaintiff repeats and realleges the allegations of Paragraphs 1-36 as though fully set forth herein.

58. At all relevant times hereto, Plaintiff and Defendants were engaged in the conduct of "trade or commerce" as those terms are used in M.G.L. ch. 93A, §11.

59. Defendants have engaged in unfair methods of competition and unfair or deceptive conduct within the meaning of M.G.L. ch. 93A, § 2 by using the mark HERB REED AND THE PLATTERS and Herbert Reed's name, image and likeness to promote businesses in direct competition with Plaintiff.

60. Defendants willfully and knowingly violated M.G.L. ch. 93A, § 2.

61. Plaintiff has sustained harm as a result of Defendants' willful and knowing unfair methods of competition and unfair or deceptive conduct, including, without limitation, loss of business, loss of value to their trademark, loss of goodwill and attorneys' fees and costs incurred to prosecute this matter.

62. Plaintiff requests that the Court award multiple damages due to the Defendants' willful and knowing violations, as well as reasonable attorneys' fees and costs incurred in this action as provided for in M.G.L. c. 93A, § 11.

## PRAYER FOR RELIEF

WHEREFORE, Herb Reed Enterprises, LLC prays for judgment against Defendants as follows:

A.      Preliminarily and permanently enjoin Defendants from use of the mark HERB REED AND THE PLATTERS and any equivalent or phonetically similar names or marks in any advertisements, promotional, marketing, or other material without Plaintiff's express written permission;

B.     Preliminarily and permanently enjoin Defendants from using Herb Reed's name, image and likeness in any marketing materials to promote the services of businesses or individuals other than those of the Plaintiff;

C.     Preliminarily and permanently enjoin Defendants for unfair competition under the Lanham Act and the laws of Massachusetts, and award Plaintiff damages for unfair competition;

D.     Award Plaintiff actual damages and loss of profits, trebled for Defendants' knowing unauthorized use of the trademark;

E.     Award Plaintiff damages for the unauthorized use of Herbert Reed's name, image and likeness;

F.     Order and accounting of all income and expenses associated with the Defendants' use of HERB REED AND THE PLATTERS mark and Herbert Reed's name, image and likeness;

G.     Award Plaintiff enhanced and exemplary damages;

H.     Award Plaintiff costs and attorneys' fees; and

I.     Order such other and further relief as may be just under the circumstances.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**VERIFICATION**

The factual allegations set forth in in this Complaint are verified by Affidavit of Frederick J. Balboni, Jr., submitted herewith.

                                          Respectfully submitted,

                                          HERB REED ENTERPRISES, LLC

                                          By Its Attorneys,

                                          SOMMERS LAW, PLLC

Date: June 5, 2012          By:    /s/ *Eric Sommers*_____
                                              Eric M. Sommers (BBO #649611)
                                            eric@sommerslaw.com
                                            600 State Street, Suite 1
                                            Portsmouth, NH 03801
                                            Telephone (603) 570-4854